## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | |
|---|---|
| **MICHAEL JEROME CHANEY, JR,** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| **VS.** : | **NO. 5:22-CV-00293-MTT-CHW** |
| : | |
| **JHONATHON L ADAMS,** *et. al.*, : | |
| : | |
| **Defendants.** : | |
| —————————————————— : | |

## RECOMMENDATION OF DISMISSAL

In accordance with the Court's previous orders and instructions, *pro se* Plaintiff Michael Jerome Chaney, Jr., an inmate currently confined at the Dodge State Prison in Chester, Georgia has filed a motion for leave to proceed in this case *in forma pauperis* (ECF No. 4).  For the following reasons, Plaintiff's motion for leave to proceed *in forma pauperis* will be **GRANTED**, but it is **RECOMMENDED** that Plaintiff's claims be **DISMISSED without prejudice.**

### MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

28 U.S.C. § 1915 allows the district courts to authorize the commencement of a civil action without prepayment of the normally-required fees upon a showing that the plaintiff is indigent and financially unable to pay the filing fee.  A prisoner seeking to proceed *in forma pauperis* ("IFP") under this section must provide the district court with both (1) an affidavit in support of his claim of indigence and (2) a certified copy of his prison "trust

fund account statement (or institutional equivalent) for the 6-month period immediately preceding the filing of the complaint." § 1915(a)(1)-(2).

In this case, Plaintiff's pauper's affidavit and trust account statement show that he is currently unable to prepay the Court's filing fee.  Plaintiff's motion to proceed *in forma pauperis* (ECF No. 4) is thus **GRANTED** and Plaintiff will be assessed an initial partial filing fee of $0.00.  Plaintiff, however, is still obligated to pay the full balance of the filing fee, in installments, as set forth in § 1915(b) and explained below.  It is accordingly requested that the **CLERK** forward a copy of this **ORDER** to the business manager of the facility in which Plaintiff is incarcerated so that withdrawals from his account may commence as payment towards the filing fee.  The district court's filing fee is not refundable, regardless of the outcome of the case, and must therefore be paid in full even if the Plaintiff's Complaint (or any part thereof) is dismissed prior to service.

I.    Directions to Plaintiff's Custodian

It is hereby **ORDERED** that the warden of the institution wherein Plaintiff is incarcerated, or the sheriff of any county wherein he is held in custody, and any successor custodians, each month cause to be remitted to the Clerk of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the Prison Litigation Reform Act ("PLRA"), Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.  It is further **ORDERED** that collection of monthly payments from Plaintiff's trust fund account shall continue until

the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

II.   Plaintiff's Obligations Upon Release

An individual's release from prison does not excuse his prior noncompliance with the provisions of the PLRA.  In the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay those installments justified by the income to his prisoner trust account while he was still incarcerated. Collection from Plaintiff of any balance due on these payments by any means permitted by law is hereby authorized in the event Plaintiff is released from custody and fails to remit such payments.  Plaintiff's Complaint is subject to dismissal if he has the ability to make such payments and fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

**PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT**

I.   Standard of Review

In accordance with the PLRA, the district courts are obligated to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. *See* 28 U.S.C. § 1915A(a).  Screening is also required under 28 U.S.C. § 1915(e) when the plaintiff is proceeding IFP.  Both statutes apply in this case, and the standard of review is the same.  When conducting preliminary screening, the Court must accept all factual allegations in the complaint as true.  *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) *abrogated in part on other grounds by Wilkins v. Gaddy*, 559 U.S. 34 (2010; *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir.

3

2003).  *Pro se* pleadings, like the one in this case, are "held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."  *Id.* (internal quotation marks omitted).  Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. §1915A(b).

A claim is frivolous if it "lacks an arguable basis either in law or in fact."  *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted).  The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless."  *Id.* (internal quotation marks omitted).  A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action."  *Twombly*, 550 U.S. at 555 (first alteration in original).  In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim.  *Id.* at 556.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678.

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting

4

under color of state law.  *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995).

If a litigant cannot satisfy these requirements or fails to provide factual allegations in

support of his claim or claims, the complaint is subject to dismissal.  *See Chappell v. Rich*,

340 F.3d 1279, 1282-84 (11th Cir. 2003).

    II.    <u>Factual Allegations and Plaintiff's Claims</u>

    Plaintiff, who describes himself as a "[c]onvicted and sentenced state prisoner," has

filed this Complaint contending that Defendants—the Forsyth County District Attorney

and Georgia State Attorney General—violated his right to a speedy criminal trial.  Compl.

5-6, ECF No. 1.  Plaintiff avers that he filed multiple motions seeking to invoke this right,

but Defendants "never even responded" to them.  *Id.* at 4.  Plaintiff thus contends

Defendants violated his constitutional rights, and he seeks "mandamus to influence

injunctive relief of speedy trial violation."  *Id.* at 6.

    Plaintiff's claims are barred by the doctrine set forth in *Heck v. Humphrey*, 512 U.S.

477 (1994).  In *Heck*, the United States Supreme Court held that "when a state prisoner

seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor

of the plaintiff would necessarily imply the invalidity of his conviction or sentence."  *Id.*

at 487.  In this case, if Plaintiff prevails on a claim that Defendants violated his speedy trial

rights, a judgment in his favor would necessarily imply the invalidity of his conviction or

sentence.  This is because "dismissal of an indictment, information, or complaint is

mandatory" where the criminal defendant's right to a speedy trial has been violated.  *Koger

v. Florida*, 130 F. App'x 327, 332-33 (11th Cir. 2005) (per curiam).  Plaintiff's claims must

therefore be dismissed unless he "can demonstrate that the conviction or sentence has

already been invalidated." *Heck*, 512 U.S. at 487; *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (holding "that a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit . . . *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration").  Because Plaintiff has not pleaded any facts demonstrating that his conviction or sentence has in fact been invalidated, his claims against Defendants are *Heck*-barred and should be dismissed.  *Koger*, 130 F. App'x at 333 (holding that speedy-trial claims amounted to a challenge to "either the legality of [the prisoner's] conviction or his sentence," and prisoner's "claims for damages and declaratory relief based on these constitutional violations, therefore, were barred under *Heck*").

III.   Conclusion

For the foregoing reasons, Plaintiff's motion to proceed *in forma pauperis* (ECF No. 4) is **GRANTED**, but it is **RECOMMENDED** that Plaintiff's Complaint be **DISMISSED without prejudice.**

**OBJECTIONS**

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with the Honorable Marc T. Treadwell, United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation.  Any objection is limited in length to **TWENTY (20) PAGES**.  *See* M.D. Ga. L.R. 7.4.  The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections.  Failure to object in accordance with the provisions of § 636(b)(1) waives the

right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made.  *See* 11th Cir. R. 3-1.

**SO ORDERED AND RECOMMENDED**, this 30th day of September, 2022.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge